IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAVON C. BARRETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:22-cv-207 |
| v. | ) |
| | ) |
| BETHPAGE FCU, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Plaintiff Lavon C. Barrett, an inmate at the McKean Federal Correctional Institution, filed this *pro se* lawsuit in the McKean County Court of Common Pleas against TransUnion, LLC, Bethpage FCU, Enhanced Recovery Company, Godman Sachs Bank USA, Lending Club Corporation, USAA Savings Bank, and two John/Jane Doe individuals. *See* ECF No. 1-4. The complaint alleged that all Defendants violated Plaintiff's rights under "the Fair Credit Reporting Act 15 U.S.C 1681h(e)," "Consumer Protection Act 15 U.S.C 1691," and "Debt Collection Act," and demanded relief in the form of compensatory and punitive damages as well as the removal of a contested debt from his credit report. ECF No. 1; ECF No. 1-4, ¶¶ 16, 21-22. The matter was removed to this Court and referred to United States Magistrate Judge Richard A. Lanzillo for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and the Local Rules for Magistrate Judges.

On July 11, 2022, Defendant USAA Savings Bank (hereafter, "USAA") filed a motion to dismiss the complaint for failure to state a cognizable claim. ECF No. 7. As an alternative form of relief, USAA moved for a severance of its case on the grounds that it had been improperly

1

joined with the other Defendants. ECF No. 9. Plaintiff filed his response on November 22, 2022, ECF No. 35, and USAA filed its reply on November 29, 2022. ECF No. 37.

On January 12, 2023, Judge Lanzillo issued a Report and Recommendation ("R&R") in which he concluded that USAA's motion to dismiss should be granted and its motion for a severance should be denied without prejudice. ECF No. 38. Judge Lanzillo began by liberally construing the complaint as asserting claims under: (1) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"); (2) the Equal Credit Opportunity Act, 15 U.S.C. § 1691, et seq. ("ECOA"); and (3) the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. The Magistrate Judge found that no claim had been stated under the FDCPA because the Act imposes liability only on debt collectors, and Plaintiff had not pled facts to show that USAA was a debt collector. The Magistrate Judge next found that the ECOA claim was deficient because Plaintiff had not alleged facts showing that USAA discriminated against him in any way with respect to a credit transaction.

The Magistrate Judge also concluded that Plaintiff's FCRA claim was insufficiently pled. Accepting Plaintiff's assertion that USAA was a "furnisher of information, Judge Lanzillo noted that Plaintiff could not assert a claim for a violation of § 1681s–2(a) of the Act (pertaining to "direct" disputes), as such claims were available only to the government and not to private parties. Judge Lanzillo then considered whether Plaintiff had stated a claim under 15 U.S.C. §1681s–2(b) (pertaining to "indirect" disputes), the only provision that could serve as the basis for a private cause of action against a "furnisher" of information. Judge Lanzillo first noted that a viable § 1681s-2(b)(1) claim requires a consumer to plausibly allege that he: "[1] filed a notice of dispute with a consumer reporting agency; [2] the consumer reporting agency notified the furnisher of information of the dispute; and [3] the furnisher of information failed to investigate

2

and modify the inaccurate information." ECF No. 38 at 10 (citing authority). Judge Lanzillo found that Plaintiff's averments related only to the first element and failed to plausibly allege that a consumer reporting agency had notified USAA of the disputed debt and that USAA, as a "furnisher" of information, had failed to investigate and modify the inaccurate information.

Objections to the Report and Recommendation were due on or before January 30, 2023. On January 17, 2023, the Court received a document styled as Plaintiff's "response" and "brief" in opposition to USAA's motion to dismiss. ECF Nos. 39, 40. Although received and docketed on January 17, Plaintiff's "response/brief" is deemed filed as of January 3, 2023, the date Plaintiff claims to have placed the document into the prison mail system. ECF No. 39 at 4. Because of the ensuing mail delay, the Magistrate Judge did not have the benefit of this filing when issuing the Report and Recommendation. Nevertheless, the Court has considered Plaintiff's supplemental "response/brief" in connection with its issuance of this Memorandum Order. No formal "objections" or other substantive filings in response to the R&R have been submitted by Plaintiff to date.[1]

Accordingly, after *de novo* review of the Complaint, Defendant USAA Savings Banks' motions and Plaintiff's response thereto, the Magistrate Judge's Report and Recommendation, Plaintiff's supplemental "response/brief," and all other relevant documents in the case, the following Order is entered:

---

[1] On February 3, 2023, Plaintiff filed a motion for an extension of time, seeking an additional thirty (30) days within which to respond to USAA's motion to dismiss. ECF No. 42. Judge Lanzillo issued an order several days later denying this motion as moot, since Plaintiff has already responded (twice) to USAA's Rule 12(b)(6) motion. *See* ECF No. 43.

NOW, this 7th day of February, 2023,

IT IS ORDERED that Defendant USAA Savings Bank's motion to dismiss, ECF No. [7], shall be, and hereby is, GRANTED, and the claims against it are DISMISSED without prejudice.

IT IS FURTHER ORDERED that Plaintiff may reassert his claims against USAA Savings Bank **on or before March 1, 2023** in an amended complaint that shall include <u>all</u> his claims against <u>all</u> Defendants.  **In the event Plaintiff declines to file an amended complaint or on before March 1, 2023, the Court's dismissal of his claims against USAA Savings Bank will be converted to a dismissal <u>with prejudice,</u> without further notice.**

IT IS FURTHER ORDERED that Defendant USAA Savings Bank's motion for a severance, ECF No. [9], is DISMISSED without prejudice to the Defendant's right to reassert said motion, if warranted, following the aforementioned period for amendment.

IT IS FURTHER ORDERED that the Report and Recommendation of Magistrate Judge Lanzillo, dated January 12, 2023, ECF No. [38], is adopted as the opinion of this Court.

_____
SUSAN PARADISE BAXTER
United States District Judge